## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

APPLERA CORPORATION and
ROCHE MOLECULAR SYSTEMS, INC.,

                    Plaintiffs,                    Case No. 3-98-CV-1201: JBA

            v.

MJ RESEARCH, INC. and
MICHAEL FINNEY and JOHN FINNEY,                    March 23, 2004

                    Defendants.

### PLAINTIFFS' OBJECTIONS AND COMMENTS TO THE MARCH 18, 2004
### DRAFT JURY INSTRUCTIONS FOR PATENT PHASE

Plaintiff and Counterclaim Defendants, Applera Corporation and Roche Molecular Systems, Inc. (collectively "Plaintiffs"), submit the following objections and comments to the Court's March 18, 2004 proposed draft Jury Instructions for Patent Phase (the "draft jury instructions").

Plaintiffs recognize that the Court's draft jury instructions reflect its rulings on the parties' numerous objections set forth in the January 16, 2004 Joint Trial Memorandum, and the Court's consideration and compromise of the parties' competing proposed instructions. Accordingly, to the extent that Defendants renew any of their proposed instructions or objections, Plaintiffs respectfully maintain their prior objections to material that remains from Defendants' objected-to instructions and reserve and request the right to object to any new or revised jury instruction.

**I.**

**OBJECTIONS AND EDITS**

INDUCING PATENT INFRINGEMENT:

The draft jury instruction improperly adds a causation element to the burden of proof for an inducement claim. Specifically, there is no separate legal requirement for Plaintiffs to prove, "(4) that MJ and Finneys' actions caused direct infringement of the patent." See Draft Jury Instructions, p.23, Element No. (4).

Proof of infringement requires only that Plaintiffs prove that Defendants took "an affirmative act of some kind," including any of a "range of actions by which one in fact causes, or urges, or encourages, or aids another to infringe a patent." See Tegal Corp. v. Tokyo Electron Co., 248 F.3d 1376, 1378-79 (Fed. Cir. 2001). This proof requirement is already set out by Element No. (1) of the Court's draft jury instruction, which requires that Applera must show:

> (1) that MJ, Michael Finney, and John Finney took actions that caused, urged, encouraged, or aided MJ Research customers to use a product in a manner that [infringes the patents in suit.]"

See Draft Jury Instructions, p.22, Element No. (1) (emphasis added).

There is no requirement on Plaintiffs to prove an additional element that any of Defendants' actions directly caused an infringement. See Moleculon Research Corp. v. CBS, Inc., 793 F.2d 1261, 1272-73 (Fed. Cir. 1986) (holding proof of inducing infringement does not require direct evidence). "It is hornbook law that direct evidence of a fact is not necessary. 'Circumstantial evidence is not only sufficient, but may also be more certain satisfying and persuasive than direct evidence.'" Id.; see also Draft Jury Instructions, p.22 ("Proof of inducing infringement and the underlying direct infringement . . . may be based on either direct or circumstantial evidence."). Moreover, none of the model jury rules for patent cases include any such additional causation element. See Attachment A (Uniform Jury Instructions For Patent

2

Cases in the United States District Court for the District of Delaware, 3.6); Attachment B (Model

Patent Jury Instructions for the Northern District of California, 3.10);Attachment C (The Federal

Circuit Bar Association Model Patent Jury Instructions, 8.12.1).

For example, in <u>VLT Corporation</u> the accused infringer made the same argument that

Defendants have made in this case, that:

> [Plaintiffs] must adduce direct evidence that [third parties] relied upon the information in the data sheets or advertising materials accompanying the [accused infringer's product]. Otherwise . . . [Plaintiff] would be able to impose liability on [the accused infringer] for actions of third parties who may have depended entirely on other sources to information to [infringe].

See <u>VLT Corp. v. Unitrode Corp.</u>, 130 F.Supp.2d 178, 199-200 (D. Mass. 2001). The Court

squarely rejected this argument holding that proof of inducement does not require direct

evidence of reliance. <u>Id.</u>

However, it is now clear that counsel for Defendants intend to improperly argue that they

can not be liable for inducing infringement because there is no "direct" proof that Defendants

"caused" any end users to infringe the patents. During opening statements, Defendants argued

that they could not be found to infringe because:

> [Plaintiffs are] not going to bring a single witness in this Courtroom to get in that stand and testify under oath that he or she performed PCR on an MJ thermal cycler in PE's fields because of something MJ did. They're going to ask you to do it by inference.

See March 4 Trial Transcript at 70:6-11. Additionally, on March 22, Defendants continued to

improperly argue that there is a separate causation requirement necessary to prove inducement.

See March 22 Trial Transcript at 86:14-89:14. However, when asked by the Court for "a case

that reflects an analysis of the principle of causation that [Defendants are] espousing," none was

provided. See <u>id.</u>

To prevent the jury from deliberating on the wrong standard of the law and to avoid

3

confusion from any of Defendants' improper argument, the Court's jury instruction on patent inducement law should clearly exclude the requirement to additionally prove causation. Accordingly, Element No. (4) should be stricken. See Draft Jury Instructions, p.23.

## II.

### ADDITIONAL INSTRUCTIONS

#### ADDITION TO INFRINGEMENT GENERALLY:

If a thermal cycler is used to perform PCR even one time it infringes the PCR Process Patents. See March 22, 2004 Trial Transcript at 52:17-18.

#### ADDITION TO INDUCING PATENT INFRINGEMENT:

Add: You must not consider evidence of Applera's dealings with MJ's customers, including whether Applera chose to license particular MJ customers in considering whether MJ or the Finneys induced infringement, because Applera may choose to deal with its customers as it desires. Similarly, Applera is not required to permit suppliers like MJ to be its agents in licensing end users. See March 8, 2004 Trial Transcript at 585:24-586:3.

Add: You heard testimony on the licensing program for the PCR Process Patents when Cetus owned the patents. That information was presented as background. You must not consider evidence of that prior licensing program, including any evidence that the program changed, in determining whether MJ induced infringement since 1994.

#### ADDITION TO WILLFULNESS

Add: A good test of whether the advice given is genuine and not merely self-serving is whether the asserted defenses are backed up with viable proof at trial. See Read Corp. v. Portec,

4

Inc., 970 F.2d 816, 829 n.9 (Fed. Cir. 1992).

Add: However, continuing disregard of Applera's patent rights can give rise to liability for willfulness, even after a lawsuit is filed. See Pall Corp. v. Micron Separations, Inc., 66 F.3d 1211,1221-22 (Fed. Cir. 1997).


INDUCEMENT: FOREIGN SALES AND USES:

Applera does not accuse MJ, Michael Finney, and John Finney of inducing infringement of the PCR Process Patents outside of the United States. You are not to consider evidence of sales to foreign purchasers who use the PCR process exclusively outside of the United States when you consider whether Defendants induced infringement within the United States.

Applera does assert that MJ, Michael Finney, and John Finney induced infringement of the Thermal Cycler Patents outside of the United States. A person shall be liable as an infringer if that person supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States. In other words, you must decide whether MJ, Michael Finney, or John Finney induced someone outside of the United States to combine the components that they supplied in a manner that would infringe the Thermal Cycler Patents.


DEPOSITION AND LIVE TESTIMONY:

Testimony from witnesses for both Plaintiffs and Defendants has been presented by reading of deposition transcripts in to the record. The deposition testimony read in to the record

is evidence that you should consider and give the same weight as testimony from live witnesses.

EQUAL TIME:

This has been a "time trial."  Both sides have had an equal amount of time to present their evidence.  When a witness testifies, the time counts against the side eliciting the testimony through attorney questions.  Additionally, each side had the opportunity to select passages from the depositions that were read into evidence.  Do not make any decisions based on your perception that one side or another had more time to present its case.

**III.**

**GENERAL EDITS**

DIRECT AND CIRCUMSTANTIAL EVIDENCE:

It may be helpful to the jury to insert examples of direct and circumstantial evidence that help illustrate the differences between these two types of evidence.  The following classic examples concerning evidence of rain can be used:  "If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining."

Dated:  March 23, 2004          By: _____

Matthew D. Powers
Edward R. Reines
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Pkwy
Redwood Shores, CA  94065
Tel:  (650) 802-3200

# Attachment A

March 1993

**UNIFORM JURY INSTRUCTIONS**
**FOR PATENT CASES**
**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF DELAWARE**

March, 1993

### 3.6   Inducing Patent Infringement

A patent claim may include a combination of components or parts; or a patent claim may cover the use of a particular product or apparatus which may not infringe the patent if it were used for some other purpose. [Pick only the relevant aspects here and in the following sentences.]

Defendant may be an infringer if he makes, uses or sells some, but not all, of the components of the product or apparatus covered by the claims of the patent-in-suit.

In these cases, one would be an infringer if he actively and knowingly aided and abetted someone else to make, use or sell the entire product [apparatus or method] covered by the claims of the patent-in-suit. This is called inducing infringement.

You must decide whether defendant induced another to infringe plaintiff's patent by providing, for example, labels, advertising or other sales methods, instructions and directions to perform the infringing act. [You may find that defendant induced infringement even if there is an express warning against the infringement, if the material containing the warning nonetheless invites the infringing activities under the circumstances.] 4 Chisum, *Patents*, Matthew Bender & Co., Inc., Section 17.04[4][f] at p. 17-53 (1985).

The defendant cannot be liable for inducing infringement unless a patent claim is directly infringed. *Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, *reh'g denied*, 365 U.S. 890 (1961); *Oxy Metal Industries Corp. v. Quin-Tec, Inc.*,

216 U.S.P.Q. 318, 319 (E.D. Mich. 1982); *Porter v. Farmers Supply Service, Inc.*, 790

F.2d 882, 885, 229 U.S.P.Q. 814 (Fed. Cir. 1986). However, proof of inducing

infringement and the underlying direct infringement by persons allegedly induced to

infringe may be based on circumstantial evidence you have heard in this case, rather than

direct evidence of infringement. *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261,

1272, 229 U.S.P.Q. 805 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1030 (1987).

# Attachment B

Model Patent Jury Instructions
for the Northern District of California

January 18, 2002

Working Committee

Martin Fliesler – Chair
Professor Mark Lemley
David McIntyre
James Pooley
Matthew Powers
Honorable Ronald Whyte
James Yoon

*B.3. Infringement*

## 3.10 INDUCING PATENT INFRINGEMENT

[Patent holder] argues that [alleged infringer] has actively induced another to infringe the [   ] patent. In order for there to be inducement of infringement by [alleged infringer], someone else must directly infringe a claim of the [   ] patent; if there is no direct infringement by anyone, there can be no inducement of infringement. Active inducement exists if [alleged infringer] actively and knowingly assists or encourages the direct infringement.

In order to induce infringement, [alleged infringer ] must have intended to cause the acts that constitute the direct infringement, and [alleged infringer] must have known or should have known that its actions would cause direct infringement. [[Alleged infringer] cannot be liable for inducing infringement if it was not aware of the existence of the patent].

Authorities

*Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 244 F.3d 1365 (Fed. Cir. 2001); *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1311-12 (Fed. Cir. 1998); *Insituform Techs, Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 695 (Fed. Cir. 1998); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553-54 (Fed. Cir. 1990); *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1468-69 (Fed. Cir. 1990).

January 18, 2002

# Attachment C

**THE FEDERAL CIRCUIT BAR ASSOCIATION**

**MODEL PATENT JURY INSTRUCTIONS**

**Committee**

Mark J. Abate
Philip S. Beck
Denise L. Loring
Robert C. Morgan
Matthew D. Powers
Joseph J. Richetti
Harry J. Roper
William C. Steffin

### 8.12.1  INDUCING PATENT INFRINGEMENT

A person induces patent infringement if he or she purposefully causes, urges, or encourages another to infringe a patent. Inducing infringement cannot occur unintentionally. This is different from direct infringement, which, as I've just told you, can occur unintentionally. In order to prove inducement, the patent owner must prove that it is more probable than not that the accused inducer knew of the patent and encouraged or instructed another person to [use a product or perform a process] in a manner that infringes the patent. The patent owner must also prove that it is more probable than not that the other person infringed the patent. A person can be an inducer even if he or she thought that what he or she was encouraging or instructing the other person to do was not an infringement.

[Plaintiff] asserts that [defendant] induced patent infringement. [Plaintiff] must prove four things by the more probable than not standard:

First, [defendant] encouraged or instructed another person how to [use a product or perform a process] in a manner that you, the jury, find infringes the ___ patent claims.

Second, [defendant] knew of the ___ patent.

Third, [defendant] knew or should have known that his or her encouragement or instructions would likely result in the other person doing that which you find to be an infringement of the ___ patent.

Fourth, the other person infringed the ___ patent.

If, and only if, you are persuaded of each of these four things may you find that [defendant] induced patent infringement.


### NOTE

35 U.S.C. § 271(b) (1984) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." In *Hewlett-Packard Co.* v. *Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990), the Federal Circuit held that inducement to infringe requires a showing of "actual intent to cause the acts which constitute the infringement." Under the *Hewlett-Packard* analysis, the focus is on the actor's intent to cause the third party to act in a manner that is found to be a direct infringement, not the actor's subjective belief as to whether or not the third party will ultimately be found to infringe.

Three months after the Federal Circuit's decision in *Hewlett-Packard*, the Federal Circuit decided *Manville Sales Corp.* v. *Paramount Sys., Inc.*, 917 F.2d 544 (Fed. Cir. 1990). In that

case, the Court held that inducing infringement under 35 U.S.C. § 271(b) requires that the alleged infringer: (1) intended to cause the acts that constitute infringement and (2) "knew or should have known that his actions would induce actual infringement." *Id.* at 553. The Court reversed the district court's holding of inducing infringement in part because of evidence that the accused infringer had relied in good faith on an opinion of counsel and, therefore, lacked the specific intent to induce infringement. *See also Micro Chem., Inc.* v. *Great Plains Chem. Co.*, 194 F.3d 1250, 1261 (Fed. Cir. 1999) (finding that defendant had taken "reasonable steps to avoid [inducing] infringement," including obtaining an opinion of counsel).

The *Manville* decision has sparked some debate as to whether or not there is an opinion of counsel defense to infringement under § 271(b). *See* Michael N. Rader, Toward a Coherent Law of Inducement to Infringe: Why the Federal Circuit Should Adopt The Hewlett-Packard Standard For Intent Under § 271(b), 10 Fed. Cir. B.J. (2000).

**AUTHORITIES**

35 U.S.C. § 271(b) (1984); *Micro Chem., Inc.* v. *Great Plains Chem. Co.*, 194 F.3d 1250, 1261 (Fed. Cir. 1999); *Chiuminatta Concrete Concepts, Inc.* v. *Cardinal Indus., Inc.*, 145 F.3d 1303, 1311-12 (Fed. Cir. 1998); *Insituform Techs., Inc.* v. *Cat Contracting, Inc.*, 161 F.3d 688, 695 (Fed. Cir. 1998); *Carborundum Co.* v. *Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 876 n.4 (Fed. Cir. 1995); *Joy Techs., Inc.* v. *Flakt, Inc.*, 6 F.3d 770, 774-76 (Fed. Cir. 1993); *Manville Sales Corp.* v. *Paramount Sys., Inc.*, 917 F.2d 544, 553-54 (Fed. Cir. 1990); *Hewlett-Packard Co.* v. *Bausch & Lomb Inc.*, 909 F.2d 1464, 1468-69 (Fed. Cir. 1990).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing PLAINTIFFS' OBJECTIONS AND COMMENTS TO THE MARCH 18, 2004 DRAFT JURY INSTRUCTIONS FOR PATENT PHASE were delivered on this 23rd day of March, 2004, to the following by electronic delivery:

John E. Beerbower
Joseph Salama
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

James Sicilian
Mario R. Borelli
Day, Berry & Howard, LLP
CityPlace I
185 Asylum Street, 25th Floor
Hartford, CT 06103
(860) 275-0100

David P. Gersch
Asim Varma
Michael J. Klyce, Jr.
Arnold & Porter
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000

Allen Foster
Kevin Stern
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100

Matthew D. Powers
Edward R. Reines
Weil, Gotshal & Manges LLP
201 Redwood Shores Pkwy
Redwood Shores, CA 94065
(650) 802-3200

Patrick J. McHugh
Finn Dixon & Herling, LLP
One Landmark Square
Stamford, CT 06901
(203) 325-5000

Gerard Diebner
Al Jacobs
Daniel A. Ladow
Greenberg Traurig, LLP
885 Third Avenue, 21st Floor
New York, NY 10022
(212) 801-2100

Jennifer Gordon
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5020

Joseph Darby
David Jay
Greenberg Traurig, LLP
One International Place
3rd Floor
Boston, MA 02110
(617) 310-6000

Debra J. Pearlstein
Alan R. Kusinitz
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

James T. Shearin (CT 01326)
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601-7006
(203) 330-2000

David Greenbaum