IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
APPLERA CORP. and ROCHE MOLECULAR      :
SYSTEMS, INC.,                          :
                                        :
    Plaintiffs and Counterclaim Defendants,   :   Case No. 3-98-CV-1201(JBA)
                                        :
    v.                                 :
                                        :
MJ RESEARCH INCORPORATED and            :
MICHAEL and JOHN FINNEY,                :
                                        :
    Defendants and Counterclaim Plaintiffs.    :
------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANTS AND COUNTERCLAIM PLAINTIFFS MJ RESEARCH, JOHN FINNEY AND MICHAEL FINNEY TO AMEND CERTAIN JURY INSTRUCTIONS TO AVOID REVERSIBLE ERROR**

Defendants and Counterclaim Plaintiffs MJ Research, John Finney and Michael Finney (jointly "MJ") submit this Memorandum in support of their Motion to Amend certain Jury Instructions to avoid reversible error.

In its <u>Markman</u> Ruling [Doc. #715] and several subsequent rulings further defining various claim terms in dispute, this Court construed the term "metal block" as a "solid body of metal with a receding or hollow place in its surface", <u>see</u> Jury Instructions at page 36, or "a sample block with a recess below the top surface of the block", <u>see</u> Jury Instructions at page 42.

This Court also specifically held that neither the MJ PTC-100 96agV sample holder (attached as Exhibit E to the Finney Declaration [Doc. #744]) nor the MJ ALS-1296 sample holder (attached as Exhibit A to the Margulies Declaration [Doc. #802]) or sample holders like them literally infringed the metal block requirement of the asserted instrument claims. <u>See, e.g.</u>, Doc. #'s 899 and 974. This claim construction, however, has not been given to the jury. Accordingly, reversible error

can occur because without the benefit of the Court's additional claim construction, the jury could conclude that the MJ ALS-1296 sample holder literally infringes the metal block element of the instrument patent claims, whereas the Court has already held that it does not [Doc. #'s 899 and 974].

Moreover, based upon demonstrative exhibits the Court has allowed the jury to review, the jury can be easily misled. One demonstrative, from Applera's expert Dr. Margulies (which MJ objected to), states that only the PTC-100-96agV sample holder in not a metal block. That is simply not true. At a minimum, the ALS-1296 sample holder must also be included in that category.

Without the benefit of the Court's full claim construction rulings, the jury can be easily misled. That, however, can be easily cured, by either allowing the jury to review Doc. #'s 899 and 974 or by giving the jury a curative instruction.

Attached is a proposed curative instruction. MJ submits that if remedial action is not taken, either by showing the jury Doc. #'s 899 and 974[1] or by giving the jury a curative instruction, reversible error may occur.

## FACTS

### I.     Claim Construction for Metal Blocks

In its Markman Ruling [Doc. #715], this Court construed all of the asserted claims in U.S. Patent Nos. 5,333,675 (the "'675 patent"), 5,656,493 (the "'493 patent") and 5,475,610 (the "'610 patent") as requiring a metal block. Id. At pp. 6, 17, 19, 24, 27, 29, 35, 36 and 38. The Court defined the metal block element of claims 17 and 33 of the '675 patent as "a recess machined into the heat exchanger or a plastic container which holds fluids and sits in a recess found in the heat exchanger," with no requirement "that the recess be in the top surface of the heat exchanger." Id. At pp. 6 and 17. The Court construed the "metal block" element of claim 45 of the '675 as one having a "plurality of recesses…for supporting a plurality of containers." Id. At 19.

---

[1] MJ is unaware of any statute or caselaw which would prohibit the jury from reading these public documents.

Claim 16 of the '493 patent was construed as requiring "a metal block having a plurality of recesses shaped to fit [a plurality of] chambers." Id. As 24. Finally, claims 1 and 160 of the '610 patent (as well as their asserted dependent claims 44, 158 and 161) were construed as requiring a metal block with a "recess below the top surface of the block." Id. At 27 – 29 and 38.

In its Partial Ruling on MJ's Motion for Summary Judgment [Doc. #899], the Court further elaborated on its construction of the metal blocks claim element of Applera's asserted claims. This further elaboration was entirely consistent with the Court's decision to engage in a rolling claim construction.

Specifically, in its Partial Ruling [Doc. #899], the Court squarely held that the sample holder attached to the Declaration of Michael Finney (sample holder #PTC-100-96agV) as well as the sample holder referenced in the Declaration of Marcel Margulies (Applera's expert) (sample holder #ALS-1296) were not metal blocks within the scope of the asserted claims of the '675 patent:

> The declaration of Michael Finney with attached schematic of a sample holder [PTC-100-96agV], see Decl. Michael Finney [Doc. #744] ¶ 7, Ex. E, and Margulies' description of MJ's sample holder with attached photograph, see [ALS-1296], Margulies' Decl. [Doc. #802] 13, Ex. 1, reveal that the metal structure of claims 17, 33, and 45 of the '675 Patent is not literally present in MJ's sample holder, however styled. The sample holder has metal tubular like protrusions or projections arising from a metal plate or platform and separated by air. It does not include the minimal shared limitations of the asserted claims of the '675 Patent: a recess machined into a block and by definition surrounded by metal. It also does not include the alternative plastic container recess limitation of claims 17 and 33: the tubular protrusions are metal not plastic, do not hold fluids, see Declaration of Michael Finney [Doc. #744] ¶ 7 ("Sample containers are held in these metal tube holders."), and do not sit in a recess. **Thus, any MJ thermal cycler model that uses a sample holder like the one depicted in the exhibits to Michael Finney's and Margulies' declarations does not literally infringe the asserted claims of the '675 Patent.**

Id. at pp. 18 – 19 (emphasis added).

The Court also affirmed that the MJ sample holders could not literally infringe claim 16 of the '493 patent (see Ruling on '493 Patent [Doc. #949] at pp. 7 – 8).

Finally, in its Ruling on Applera's Motion for Partial Reconsideration [Doc. #974], the Court further amended its claim construction concerning its claim construction concerning the metal block feature of all the asserted instrument patent claims as follows:

> Applera's motion for clarification is GRANTED in PART: the Court clarifies **that its ruling was only dispositive with respect to MJ's sample holders depicted in both the schematic attached to the declaration of Michael Finney, see Decl. Of Michael Finney [Doc. #744] ¶ 7, Ex. E, and Margulies' Decl. [Doc. #802] ¶ 13, Ex. 1**. The Court's use of the word "like" was not meant to rule on sample holders that were not before the Court in the summary judgment record, but rather to indicate that **other thermal cycler models employing sample holders that do not include the minimal shared limitations of the asserted claims of the '675 patent (a holding that controls with respect to the metal block structure of the asserted claims of the '493 and '610 patents) would also be found not to literally infringe the asserted claims**. Those sample holders not being before the Court, their likeness remained an issue for trial. The sample holder depicted in Margulies Declaration was before the Court as part of Applera's attempt to raise a genuine issue of material fact on literal infringement. While Applera's newly submitted two dimensional cross section of that sample holder and the actual sample holder as a demonstrative exhibit makes literal infringement a closer question, the diagonal section of the same still reveals that it is not metal block a recess ("a solid body of metal with a receding or hollow place in its surface, " Ruling [Doc. #899] at 18) but a metal plate or platform from which metal tubular like protrusions or projections arise which are not completely but only partially surrounded by metal."

Id. at pp. 9 – 10 (emphasis added).

## II. Applera's Egregious Arguments in Violation of this Courts Claim Construction Rulings

Despite this Court's clear claim construction rulings [Doc. #'s 899 and 974], Applera submitted a demonstrative, over MJ's objection, during the direct examination of Dr. Margulies. That demonstrative disingenuously stated that there was only one MJ sample holder which was agreed not to be a metal block, sample holder PTC-1197. First, no such agreement was ever reached with, or even preferred to, MJ. Second, it plainly contradicts the Court's claim construction, twice

reaffirmed, that the ALS-1296 sample holder, as well as the PTC-100-96agV sample holder (similar to the PTC-1197 sample holder of the Margulies demonstrative), was not a metal block within the scope of the claims.

Applera then seriously compounded the error of its misleading Margulies demonstrative during closing arguments. Applera relied on another demonstrative, with the same fundamental flaws as the Margulies demonstrative. Worse, Applera repeatedly cited MJ documentation discussing metal block, despite this Court's clear ruling that:

> The subjective characterization of MJ's "sample holder" as a block with or without wells by advertisements or Michael Finney do not alter the objective comparison required for literal infringement. While one could characterize the photograph of the sample holder attached to Margulies' declaration as a metal block with wells attached, that characterization does not make the sample holder the metal block structure of the asserted claims.

Opinion [Doc. #899] at pp. 19-20.

Thus, the stage is set for a clearly erroneous jury verdict, which would directly contradict this court's claim construction rulings, including its summary judgment rulings. Such an error could not be judged harmless. This error, however, could be avoided by remedial instructions to the Court.

### III. Avoiding the Clear Error-Remedial Instructions to the Jury

The reversible error which may occur if the jury misconstrues the "metal block" element of the asserted instrument patent claims can be easily avoided. Indeed, the very notion that the jury might misconstrue a claim element demonstrates the error since it is the Court, not the jury, which must construe the claim elements. Markman v. Westview Instruments, 517 U.S. 370 (1996). Simply put, the Court must make the jury aware of its complete claim construction rulings. That can be done by either publishing is Summary Judgment Rulings [Doc. #'s 899 and 974] to the jury or by giving the jury a corrective instruction.

MJ does not see any difficulty in publishing the Summary Judgment Rulings to the jury, and thus proposes that as a remedy. In the alternative MJ attaches hereto a proposed curative Jury Instruction.

## ARGUMENT

The Federal Circuit, as many other circuits, has long held that "one 'duty of a trial court in any jury trial is to give instructions which are meaningful, not in terms of some abstract case, but which can be understood and given effect by the jury once it resolves the issues of fact which are in dispute.'" Sulzer Textile A.G. v. Picard N.V., 358 F.3d 1356, 1365 (Fed. Cir. 2004) (citations omitted).

Furthermore, "it is the duty of the trial courts… to inform jurors both of the court's claim construction rulings on all disputed claim terms and of the jury's obligation to adopt and apply the Court's determined meanings of disputed claim terms in the jury's deliberations of the facts." Id. at 1359. Unless the resulting error is harmless, failure to so instruct the jury constitutes reversible error.

That error will occur here unless the proper remedial steps are taken. This Court has repeatedly held that two MJ sample holders do not literally infringe any of the instrument patent claims. The jury has only been advised that one MJ sample holder does not literally infringe. That error has been compounded by Applera's Margulies demonstrative and the demonstrative used at closing arguments. Further compounding this jury error was Applera's closing argument that MJ has referred to its sample holders as blocks, despite this Court's admonition that this "characterization does not make the sample holder the metal block structure of the asserted claims." Opinion [Doc. #899] at pp. 19 – 20.

6

This error, however, can be corrected. One way to correct it would be to publish this Court's Opinions [Doc. #'s 899 and 974] to the jury. They are public documents, and there is no good reason to withhold them from the jury. Another option would be to give the jury a corrective instruction. A proposed corrective instruction is attached.

## CONCLUSIONS

For the reasons set forth above, MJ respectfully requests that its Motion be granted in all respects.

Dated: April 2, 2004                              Respectfully submitted,

By: /s/
*Attorneys for Defendant MJ Research, Inc.*
Gerard F. Diebner (CT 24796)
Joseph M. Manak (CT 23153)
GREENBERG TRAURIG, LLP
885 Third Avenue, 21st Floor
New York, New York 10022-4834
Telephone: 212-801-2104
Facsimile: 212-688-2449

C. Allen Foster (CT 23115)
Kevin Stern (CT 23524)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20000
Telephone: 202-331-3100
Facsimile: 202-331-3101

John E. Beerbower (CT 19381)
CRAVATH SWAINE & MOORE
One Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: 212-474-1000
Facsimile: 212-474-3700

Patrick J. McHugh (CT 14072)
FINN, DIXON & HERLING, LLP
One Landmark Square, Suite 1400
Stamford, Connecticut 06901-2689
Telephone:  203-325-5000
Facsimile:   203-348-5777

*Counsel for Defendants/*
*Counterclaim Plaintiffs*

8

## SUPPLEMENTAL JURY INSTRUCTION – METAL BLOCKS

I instruct you that the MJ sample holders PTC-100-96agV and PTC-1197 and the MJ sample holder ALS-1296 [Trial exhibit numbers to be provided], as well as sample holders like them, are not metal blocks within the meaning of the instrument patent claims. Therefore, any MJ thermal cycler which contains one of these sample holders does not literally infringe any of the instrument patent claims.

I further instruct you that the subjective characterizations of MJ's "sample holders" as a block with or without wells does not alter the objective comparison you must perform in order to determine whether the other MJ sample holders literally infringe any of the instrument patent claims. That is, you must compare these sample holders with the definition of "metal block" that I have given you in order to determine whether there is literal infringement.

Finally, I instruct you that where appropriate, you may evaluate whether the MJ sample holders infringe the "metal block" element of the instrument patents under the doctrine of equivalents. [MJ submits this analysis is only appropriate for the '610 patent claims].

## CERTIFICATE OF SERVICE

I hereby certify that the true and correct copies of the foregoing were served by electronic mail on April 2, 2004, to the following:

James T. Shearin, Esq.
PULLMAN & COMLEY, L.L.C.
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006

James Sicilian, Esq.
Mario R. Borelli, Esq.
DAY, BERRY & HOWARD
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103-3499

Robert A. Cote, Esq.
ORRICK, HERRINGTON & SUTCLIFFE, LLP
c/o The Omni Hotel
155 Temple Street
New Haven, CT 06510

Asim Varma, Esq.
ARNOLD & PORTER
c/o The Omni Hotel
155 Temple Street
New Haven, CT 06510

Matthew D. Powers, Esq.
Edward R. Reines, Esq.
WEIL, GOTSHAL & MANGES
c/o The Omni Hotel
155 Temple Street
New Haven, CT 06510

Gerard F. Diebner