UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Applera Corporation and        :
Roche Molecular Systems, Inc.,:
     plaintiffs,               :
                               :
v.                             :        3:98cv1201 (JBA)
                               :
MJ Research Inc. and Michael   :
and John Finney, defendants.   :

## JURY INSTRUCTIONS
## TABLE OF CONTENTS

Introduction . . . . . . . . . . . . . . . . . . . . . . . 1
Role of the Jury . . . . . . . . . . . . . . . . . . . . . 3
Role of Attorneys . . . . . . . . . . . . . . . . . . . . 4
What is and is not Evidence . . . . . . . . . . . . . . . 5
Deposition and Live Testimony . . . . . . . . . . . . . . 7
Witness Credibility - General . . . . . . . . . . . . . . 8
Impeachment of Witness . . . . . . . . . . . . . . . . . 10
Direct and Circumstantial Evidence . . . . . . . . . . . .11
Inference Defined . . . . . . . . . . . . . . . . . . . . .12
Expert Witnesses. . . . . . . . . . . . . . . . . . . . . .13
Equal Time. . . . . . . . . . . . . . . . . . . . . . . . .15
Burdens of Proof - Patent Case . . . . . . . . . . . . . .16
The Parties and Their Contentions . . . . . . . . . . . . .18
Claim Infringement. . . . . . . . . . . . . . . . . . . . .20
Dependent and Independent Claims. . . . . . . . . . . . . .21
Patent Infringement - Generally . . . . . . . . . . . . . .22
Direct Infringement of '675 Claim 45 and '610 Claim 1, 44,
     '158, '160, and '161 - Knowledge of Patent or Intent
     to Infringe is Immaterial. . . . . . . . . . . . . . .23
Inducing Patent Infringement - All Patents in Suit. . . . .24
Inducement: Foreign Sales and Uses. . . . . . . . . . . . .26
Contributory Infringement (MJ Only) - Applicable Only to the
     '675 and '610 Patents. . . . . . . . . . . . . . . . .27
Direct Infringement: Literal Infringement . . . . . . . . .28
Means-Plus Function Claim . . . . . . . . . . . . . . . . .29
Direct Infringement: Doctrine of Equivalents. . . . . . . .30
Open Ended Claims . . . . . . . . . . . . . . . . . . . . .32
Construction of Claims. . . . . . . . . . . . . . . . . . .33

Infringement/Defendants' Improvements . . . . . . . . . . . .44
Willful Infringement. . . . . . . . . . . . . . . . . . . . .45
Personal Liability for Infringement by Corporation. . . . . .47
Willful Infringement: Michael and John Finney . . . . . . . .49
Defendants' Validity Defenses - Introduction. . . . . . . . .51
Contested Prior Art/Inventorship. . . . . . . . . . . . . . .52
Joint Inventorship. . . . . . . . . . . . . . . . . . . . . .53
Invalidity - Obviousness. . . . . . . . . . . . . . . . . . .55
Obviousness: Scope and Content of the Prior Art . . . . . . .57
Obviousness: Differences over the Prior Art . . . . . . . . .58
Obviousness: Level of Ordinary Skill. . . . . . . . . . . . .59
Obviousness - Objective Criteria. . . . . . . . . . . . . . .60
Obviousness - Hindsight . . . . . . . . . . . . . . . . . . .61
Obviousness: Invention as a Whole . . . . . . . . . . . . . .62
Compensatory Damages - Introduction . . . . . . . . . . . . .63
Foreseeability. . . . . . . . . . . . . . . . . . . . . . . .65
Reasonable Certainty. . . . . . . . . . . . . . . . . . . . .66
Entire Market Value Rule. . . . . . . . . . . . . . . . . . .67
Reasonable Royalty as a Measure of Damages. . . . . . . . . .68
Factors for Determining a Reasonable Royalty. . . . . . . . .70
Damages - - Summary . . . . . . . . . . . . . . . . . . . . .73
Deliberation and Verdict. . . . . . . . . . . . . . . . . . .74
Note Taking . . . . . . . . . . . . . . . . . . . . . . . . .75
Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . .76
Explanation of Verdict Form . . . . . . . . . . . . . . . . .77

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Applera Corporation and          :
Roche Molecular Systems, Inc.,:
    plaintiffs,              :
                         :
v.                               :     3:98cv1201 (JBA)
                         :
MJ Research Inc. and Michael   :
and John Finney, defendants.  :

## JURY INSTRUCTIONS

You have now heard all of the evidence in the case.  I shall now instruct you concerning the law applicable to this case. After that, you will hear the arguments of counsel and then you will return to the jury room to deliberate in accordance with these instructions.

You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court.  It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

1

In deciding the facts, you must not be swayed by bias or prejudice for or against any party.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

You are also not to be swayed by sympathy.  You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach an impartial verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

2

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence.

No one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. You may review your notes for this purpose, but your notes are for your use only and not to be read or used by others.

3

## ROLE OF ATTORNEYS

Our courts operate under an adversary system in which we hope that the truth will emerge through the competing presentations of adverse parties. It is the role of the attorneys to press as hard as they can for their respective positions. In fulfilling that role, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper. The application of the rules of evidence is not always clear, and lawyers often disagree. It has been my job as the judge to resolve these disputes. It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest among attorneys. You are to decide this case solely on the basis of the evidence. Remember, questions, statements and characterizations of the evidence by the attorneys are not evidence. Insofar as you find their closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

4

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  It is the witnesses' answers that are evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness agreed with it, you may find those facts to be true, but you may not consider a fact to be true simply because it was in the lawyer's question.

Testimony that has been excluded or struck by the Court is also not evidence and may not be considered by you in rendering your verdict.  Arguments by lawyers are not evidence because the lawyers are not witnesses.  What they will say to you in their closing statements is intended to help you understand the evidence from their viewpoint in reaching your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.  Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen. The weight of the evidence is not necessarily determined by the

5

number of witnesses testifying to the existence or nonexistence of any fact.  The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your mind as being most accurate and otherwise trustworthy.

6

<u>DEPOSITION AND LIVE TESTIMONY</u>

Testimony from witnesses for both sides have been presented by reading of deposition transcripts into the record.  The deposition testimony read into the record is evidence that you should consider and give the same weight as testimony from live witnesses.

7

## WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness's testimony contradictory? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day

8

life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  The parties' obvious interest in the outcome of the case should be considered by you. You should also consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment and your own life experience.

9

IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. You may find an apparent inconsistency justified or unjustified. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

10

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is when a witness testified about something he or she knows by virtue of his or her own senses - something he or she has seen, felt, touched or heard.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact through proof of other facts.  You infer a fact from other facts using your reason and experience and common sense.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

11

INFERENCE DEFINED

Attorneys use the term "inference" and in their arguments they may ask you to infer, on the basis of your reason, experience and common sense, from established facts, that some other fact exists.  An inference is a deduction or conclusion which you, the jury, are permitted to draw - but not required to draw - from the facts that have been established by either direct or circumstantial evidence.  An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts.  The plaintiffs ask you to draw one set of inferences, while the defendants ask you to draw another.  It is for you, and you alone, to decide what inferences you will draw.  The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  In drawing inferences, you should exercise your common sense.  So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

However, no inference may be drawn from the mere fact that the plaintiffs have filed this lawsuit.

12

## EXPERT WITNESSES

A witness who is called as an "expert" is permitted to express opinions on matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory it may be of some assistance to you in understanding the evidence or in reaching an independent decision on the facts. Expert testimony is presented to inform and assist the jury, but not to decide the case for the jury.  You have heard expert testimony from Dr. Margulies, Dr. Frishberg, Dr. Fisher, Dr. Hoffmann, Dr. Motakef, and Dr. Ford.

Because you are not to engage in speculation or conjecture as the triers of fact, the opinions expressed in any expert witness's testimony presented for your consideration are stated in terms of what is reasonably probable, not merely possible.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, and reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept a witness's testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

13

If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard that opinion entirely.

14

## EQUAL TIME

Because this trial was expected to be relatively long, and because we wanted to meet the scheduling expectations which I gave you at jury selection as to time of completion of evidence, this trial has been conducted as a time trial, which means that both sides were given a fixed and equal amount of time to present their evidence.  When a witness testified, the time counted against the side offering the testimony through the lawyers questions.  When the other side elicited evidence through cross examination of that witness, that time counted against that other side.  This same time accounting applied to testimony offered from depositions.  Each side had the opportunity to select passages from the depositions that they were read into evidence.

15

<u>BURDENS OF PROOF - PATENT CASE</u>

This is a civil case in which Applera Corporation (formerly Perkin Elmer or PE Corporation) and Roche Molecular Systems, Inc. are charging MJ Research, Michael Finney, and John Finney with patent infringement. For ease, I refer in these instructions to Applera and Roche collectively as just "Applera" or plaintiff. I am also going to refer to MJ Research as just "MJ."

Applera has the burden of proving patent infringement by "a preponderance of the evidence." This means Applera has to produce evidence which, when considered in light of all of the facts, leads you to believe that what it claims is more likely true than not. It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put Applera's evidence on one side of the scale and MJ's, Michael Finney's, and John Finney's evidence on the other side of the scale. If the scales tip ever so slightly in favor of Applera, then its evidence preponderates, and it has sustained its burden of proof. If the scales tip the other way, ever so slightly in favor of MJ, Michael Finney, and John Finney, then, obviously, Applera has not sustained its burden of proof and you must find in defendants' favor. If you conclude that the scales are evenly balanced and that neither side's evidence outweighs the other's, then MJ, Michael Finney, and John Finney must prevail because Applera has failed to meet its burden of proving its case by a preponderance of the evidence.

16

In this case, MJ, Michael Finney, and John Finney claim that certain of Applera's patents are invalid. Because a patent is presumed to be valid, MJ and the Finneys have the burden of proving that a patent is invalid by "clear and convincing" evidence. In addition, Applera claims that MJ's and the Finneys' infringement was willful, which it must prove by this same clear and convincing standard. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

For each issue you must decide, I will give you instruction on the applicable burden of proof as to that issue, and which party has that burden.

You have probably heard the term "proof beyond a reasonable doubt," which applies to criminal cases. That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiff or defendants have met its or their burden of proof.

17

## THE PARTIES AND THEIR CONTENTIONS

I will first identify each side's contentions in this case. I will then instruct you on the law that applies to each contention.

Applera seeks money damages from MJ, Michael Finney, and John Finney for infringement of the "PCR process" patents, specifically:

> claims 1, 3, 4, and 6 of the '202 PCR process patent;
>
> claim 1 of the '195 PCR process patent;
>
> claims 1 and 9 of the '188 PCR process patent;

Applera also seeks money damages from MJ, Michael Finney, and John Finney for infringement of the "thermal cycler" patents, specifically:

> claims 17, 33, and 45 of the '675 thermal cycler
> patent;
>
> claim 16 of the '493 thermal cycler patent; and
>
> claims 1, 44, 158, 160, and 161 of the '610 thermal
> cycler patent.

Applera claims that MJ is liable for infringement of the PCR Process patents because it has induced MJ's customers to perform the PCR process on their MJ thermal cyclers.  In addition, Applera claims that MJ is liable for infringement of the thermal cycler patents as follows: 1) by making, using, offering to sell, and selling thermal cyclers that are claimed in these patents; 2)

18

by inducing MJ's customers to directly infringe these patents;
and, 3) with respect to the '675 and '610 patents, by
contributing to another's infringement of the '675 and '610
patents by supplying a component specially designed for the
patented inventions.

Applera also claims that Michael Finney and John Finney are
each personally liable for actively assisting MJ's inducing of
infringement of the PCR process patents, and MJ's infringement,
inducing of infringement, and contributory infringement of the
thermal cycler patents, and that the infringement by MJ and
Michael Finney and John Finney was "willful."

MJ denies that it is liable for inducing infringement of any
of the PCR process patents or for infringement of the thermal
cycler patents, or that it has willfully infringed any of the
patents.  Michael and John Finney deny that they have actively
assisted MJ's infringement, and deny that they have acted
willfully.  In addition, MJ, Michael Finney, and John Finney
assert that claims 17, 33, and 45 of the '675 patent, claim 16 of
the '493 patent, and claim 1 of the '610 thermal cycler patent
are invalid.

Defendants do not contend that the '202, '195 and '188 PCR
process patents are invalid.

19

## CLAIM INFRINGEMENT

Before you can decide whether defendants have infringed the PCR process patents and thermal cycler patents, you will have to understand the patent "claims."  The patent claims are the numbered paragraphs at the end of the patent.  The claims define the boundaries or scope of the invention described and illustrated in the patent.  Only the claims of the patent can be infringed.  The specification, which is the written description of the invention, cannot be infringed, nor can the drawings of a patent.

Each of the claims at issue must be considered individually, and to prove patent infringement, plaintiff needs to prove that at least one claim of that patent has been infringed.

20

## DEPENDENT AND INDEPENDENT CLAIMS

There are two different types of claims in the patents. The first type is called an independent claim. An independent claim is one that does not refer to any other claim in the patent. An independent claim is read separately to determine its scope.

A dependent claim refers in its text to at least one other claim in the patent and incorporates whatever that other claim says. Thus, to determine what a dependent claim covers, you must read together both the dependent claim and the claim(s) to which it refers.

For example, Claim 11 of the '675 thermal cycler patent is an independent claim. You know this because this claim mentions no other claim. Accordingly, the words of this claim are read by themselves in order to determine what that claim covers.

Claim 17 of the '675 patent, on the other hand, is a dependent claim because it references Claim 11. Therefore, the words of Claims 11 and 17 must be read together in order to determine what the dependent claim, claim 17, covers.

21

<u>PATENT INFRINGEMENT - GENERALLY</u>

A patent owner may enforce its right to exclude others from making, using, offering to sell or selling the patented invention by filing a lawsuit for patent infringement.  Here, Applera, the patent owner, has sued MJ, Michael Finney and John Finney, the accused infringers, claiming that MJ's thermal cyclers and their use in the performance of the PCR process infringe one or more claims of the PCR process and thermal cycler patents.

Any person or business entity which uses any process, or makes, uses, offers to sell or sells, without the patent owner's permission, any product legally protected by at least one claim of a patent within the United States before the patent expires, infringes the patent.  None of the patents in suit in this case have yet expired.

There are three ways to infringe a patent.  One may:  (1) directly infringe a patent; (2) induce others to infringe a patent, in which case the inducer is liable for infringement as well as the direct infringer; or (3) contribute to the infringement of a patent by another by supplying a component specially designed for the patented invention, in which case both the direct infringer and the contributory infringer would be liable for patent infringement.

I will next explain each type of infringement.

22

DIRECT INFRINGEMENT of '675 Claim 45 and '610 Claim 1, 44, 158,
160, 161 - KNOWLEDGE OF PATENT OR INTENT TO
INFRINGE IS IMMATERIAL

In order to establish that MJ is liable for direct
infringement, Applera must prove by a preponderance of evidence
that MJ has made, used, offered to sell or sold the invention
defined in at least one claim of the thermal cycler patents.

MJ would also be liable for directly infringing a patent if
you find that it has sold the components of the invention defined
in at least one claim of the thermal cycler patents in
substantially unified and combined form such that the complete
and operable assembly of components is a simple task of
integration.

A person may directly infringe a patent without knowledge
that what he or she is doing is an infringement of the patent.
He or she may also infringe even though in good faith he or she
believes that what he or she is doing is not an infringement of
any patent.

23

## INDUCING PATENT INFRINGEMENT - ALL PATENTS IN SUIT

Applera asserts that MJ has induced infringement of the inventions covered by the claims of the thermal cycler patents and induced infringement of the processes covered by the claims of the PCR process patents.  To prove that MJ has induced infringement of those patents, Applera must show by a preponderance of the evidence: 1) that MJ took actions that caused, urged, encouraged, or aided MJ's customers to use a product in a manner that you find infringes a claim of the thermal cycler patents, or to perform a process in a manner that you find infringes a claim of the PCR process patents; 2) that MJ knew of the infringed patent; and 3) that MJ knew or should have known that its actions would induce actual infringement of the patent.  Applera must prove that MJ possessed specific intent to encourage its customers' infringement, not merely that it had knowledge of the customers' acts which Applera claims constitute infringement.  In addition, there can be no inducement of infringement unless MJ's customers directly infringed a claim of the thermal cycler or PCR process patents.

You must decide whether Applera has proved that MJ induced MJ's customers to infringe Applera's patents by its activities, conduct or method of doing business.  You may find that MJ induced infringement even if there was a warning about the risk of direct infringement by the end user, if the material

24

containing the warning nonetheless invited the infringing activities under the circumstances.

Proof of inducing infringement and the underlying direct infringement by others allegedly induced to infringe may be based on either direct or circumstantial evidence.

A patent owner is not required either to sell licenses for use of its patents or to permit others to act as its agents for licensing end users.

INDUCEMENT: FOREIGN SALES AND USES

Applera does not accuse MJ of inducing infringement of the PCR Process Patents outside of the United States. You are not to consider evidence of sales to foreign purchasers who use the PCR process exclusively outside of the United States when you consider whether Defendants induced infringement within the United States.

Applera does assert that MJ induced infringement of the Thermal Cycler Patents outside of the United States. A person shall be liable as an infringer if that person:

> "supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States."

In other words, you must decide whether Applera has proved that MJ induced someone outside of the United States to combine in a manner that would infringe the Thermal Cycler Patents the components that MJ supplied in or from the United States.

26

CONTRIBUTORY INFRINGEMENT (MJ ONLY) - APPLICABLE ONLY TO
THE '675 and '610 PATENTS

The elements of contributory infringement that Applera must prove by a preponderance of the evidence are:

(1)  sale or supply by MJ;

(2)  of a material component of a claim of the '610 or '675 patents that is not a staple article of commerce capable of substantial noninfringing use;

(3)  with knowledge of the patent and knowledge that the component was especially made for use in direct infringement of such claimed invention.

In determining whether the component supplied by MJ is a "staple article of commerce," you should take into account the quality, quantity and efficiency of the suggested uses.

MJ cannot be liable for contributory infringement unless a patent claim is directly infringed.  Proof of contributory infringement and the underlying direct infringement may be based on either direct or circumstantial evidence.

27

## DIRECT INFRINGEMENT: LITERAL INFRINGEMENT

There are two types of direct infringement: a) literal infringement; and b) infringement under the doctrine of equivalents which I will explain shortly.

For MJ's products or use of those products to literally infringe any one of Applera's patent claims, Applera must show by a preponderance of the evidence that the subject matter of the entire patent claim is found in the accused product or use. In other words, the patent claims are literally infringed only if the accused product or use includes each and every component part or step in the patent claim. If the accused product or use omits any single component part or step recited in the patent claim, MJ does not literally infringe that claim. Any addition of features to a product or use does not avoid infringement, if all the elements of the patent claim have been proved to be present in the accused device. You must determine whether Applera has proved literal infringement with respect to each patent claim individually.

The question is whether Applera has proved that the product of MJ or its use infringes any claim of the PCR and thermal cycler patents. The question is not whether the product is similar or even identical to a product made by Applera. In other words, you must compare the accused product or its use with the claim it is alleged to infringe and not with any product made by Applera under its patents.

28

## MEANS-PLUS FUNCTION CLAIMS

Some claims in the thermal cycler patents define a component of the invention as a means for performing a certain function, such as in claims 17, 33, and 45 of the '675 patent and claims 1, 44, 160, and 161 of the '610 patent. For there to be literal infringement, Applera must prove by a preponderance of the evidence that the accused device performs the identical function specified in the claims. Also, the accused device must employ a means which is identical to or equivalent to the structure, material, or acts described in the patent for performing that function. I will describe what is meant by the "function" and "structure" called for by such "means-plus-function" claim terms.

The structure in the accused device is "equivalent" if it is insubstantially different from the structure described in the patent for performing the claimed function. In other words, if the structure in the accused device performs the identical function in substantially the same way, with substantially the same result, or if one of ordinary skill in the art would have known of the interchangeability of the structure of the accused device and the structure claimed in the patent, that structure is equivalent to that in the patent.

29