```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

**Applera Corporation et al.**   :
    plaintiffs,   :
                              :    Case. No. 3:98cv1201 (JBA)
**v.**   :
                              :
**MJ Research, Inc. et al.,**   :
    defendants.   :

**Ruling on Applera's Motion for Immediate Reconsideration Re. Applera's Motion for Leave to Take Discovery [Doc. # 1445]**

On October 25, 2005, the Court denied Applera's Motion for Leave to Take Discovery in connection with its pending Motion for Contempt. See [Doc. # 1432]. Applera has filed the instant Motion for Immediate Reconsideration [Doc. # 1445] on the basis of newly discovered evidence, specifically a letter from a purported Bio-Rad employee, Elmer Futterbuck (the "Futterbuck letter"), see [Doc. # 1446, Ex. A], and statements made by Bio-Rad Vice President Bradford J. Crutchfield in his declaration in support of Bio-Rad's Opposition to Applera's Motion for Immediate Reconsideration, see [Doc. # 1451, Ex. A]. For the reasons that follow, Applera's motion for reconsideration is GRANTED and the Court directs that limited discovery proceed, as described below.

**I.   STANDARD**

The standard for reconsideration is strict and reconsideration is only appropriate where the moving party can point to controlling law or evidence that "might reasonably be expected to alter the conclusion reached by the court." See

1

Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration gives the Court an opportunity to "correct manifest errors of law or fact or to consider newly discovered evidence."  LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (internal quotation and citation omitted), aff'd 33 F.3d 50 (2d Cir. 1994).

**II.  DISCUSSION**

In its motion for reconsideration, Applera argues that the Futterbuck letter raises serious concerns about Bio-Rad's post-injunction conduct, including its plan to begin manufacturing and selling enjoined products abroad and its failure to adequately comply with the notice requirements of the Court's injunction. See Applera Reconsideration Memo. [Doc. # 1446].  In its Reply Memorandum, Applera also argues that information contained in Bio-Rad's Opposition to Applera's Motion for Immediate Reconsideration establishes a prima facie case for infringement under 35 U.S.C. § 271(f).  See Applera Reconsideration Reply Memo. [Doc. # 1454].  Specifically, Applera argues that Mr. Crutchfield's statement in his declaration that "Bio-Rad has shipped to the Scotland and Mexico manufacturing facilities training kits for each MJ thermal cycler and a completed model of each cycler to help personnel at the facilities learn how to manufacture and assemble the products properly" indicates actions in violation of 35 U.S.C. § 271(f)(1), which provides:

2

> Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

35 U.S.C. § 271(f)(1).

Bio-Rad argues in response that the Futterbuck letter constitutes unreliable and inadmissible evidence and that in any case it is contradicted by the submitted declarations of Bio-Rad employees. Bio-Rad further argues that its shipment of training kits and completed models to facilities abroad does not constitute contempt because "[t]here is no dispute that the Injunction does not prohibit Bio-Rad from manufacturing MJ thermal cyclers overseas or offering to sell, selling or distributing MJ thermal cyclers in foreign markets." Bio-Rad Opposition Mem. [Doc. # 1451] at 5.

Although Applera contends that, aside from the accusations in the Futterbuck letter, Bio-Rad violates 35 U.S.C. § 271(f) in contempt of the injunction by shipping training kits and completed models of enjoined products to its facilities abroad, Applera cites no cases to support a conclusion that the shipment of such training materials and models, where not intended to be sold abroad, would constitute a violation of Section 271(f), and the Court's preliminary research has not uncovered any cases

3

directly on point.  Nonetheless, Bio-Rad's statements that materials related to the enjoined products were shipped abroad to assist Bio-Rad in its "plan to move its MJ thermal cycler manufacturing operations overseas," see Crutchfield Decl. at ¶ 9, coupled with the strange but troublesome Futterbuck letter, even if inadmissible, concerning the adequacy of notice given by MJ/Bio-Rad and the alleged shipment of enjoined product components abroad, justify narrow discovery limited in both scope and time.

Thus, the Court will permit the deposition of Sanford S. Wadler, who signed a sworn declaration submitted with Bio-Rad's Opposition to Applera's Motion for Contempt that appears to contradict some of the allegations in the Futterbuck letter by detailing defendants' purported compliance with the Court's injunction, and the deposition of Bradford J. Crutchfield concerning the scope and nature of Bio-Rad's overseas shipment of training kits, models, or other materials related to the enjoined products.

If, after the completion of such discovery, Applera intends to pursue its claim that "Bio-Rad is currently, and will if not prevented, commit acts of contempt by violating 35 U.S.C. § 271(f)," see Applera Reconsideration Reply Mem. at 1, supplemental briefing will be required from both sides on this issue.  If Applera pursues its contention that defendants

4

"continue to manufacture and sell an infringing pair of thermal cyclers, the MJ Mini and MiniOpticon" because such products are "not more than colorably different" from the enjoined products, such claims must be specified, and responded to, in supplemental briefing. See Applera's Contempt Reply Mem. [Doc. # 1447] at 1-2.

### III. CONCLUSION

Accordingly, Applera's Motion for Immediate Reconsideration [Doc. # 1445] is GRANTED and the Court directs the parties to conduct the depositions of Mr. Wadler and Mr. Crutchfield, as described above, which discovery shall be completed by December 30, 2005. Applera's supplemental briefing shall be filed, with courtesy copies to chambers, by January 9, 2006, with defendants' response filed, with courtesy copies, by January 18, 2006. Depending on the contents of the parties' briefing, and after the Court has ruled on defendants' pending Motion for Stay, see [Doc. #1405], the Court will determine whether an evidentiary hearing appears necessary or whether Applera's claims of contempt can be determined as a matter of law.

IT IS SO ORDERED.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 6th day of December, 2005.**